IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES WELCH, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case Number CIV-04-612-C |
| ) | |
| RON J. WARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(B), this claim brought under 42 U.S.C. § 1983 was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings. Judge Argo entered a Report and Recommendation on January 28, 2005, recommending dismissal. Plaintiff timely objected. At the direction of the Court, Defendant filed a Response, to which Plaintiff filed a Reply. The Court considers the matter *de novo*.

The underlying facts and relevant law are clearly and fairly set forth in the Report and Recommendation of the Magistrate Judge and need not be repeated here. In summary, Plaintiff argues that application of the amendments to 57 Okla.Stat. § 138 to him violated the *ex post facto* clause. Plaintiff argues that as a result of the improper application, he was incarcerated three months too long. Plaintiff seeks monetary compensation for the extended imprisonment. Plaintiff also argues that the requirement of the Sex Offender Treatment Program (SOTP), that he admit guilt, violated Oklahoma's Constitution and therefore violated the Fourteenth Amendment to the United States Constitution. Judge Argo found that to the extent Plaintiff's claims were brought against Defendants in their official capacities they should be dismissed

on Eleventh Amendment grounds and to the extent they were brought against Defendants individually, the claims were barred by qualified immunity.

In his Objection, Plaintiff does not dispute the Magistrate Judge's determination on the Eleventh Amendment issue, nor does he challenge the decision on his self-incrimination claim. Therefore, those recommendations will be adopted. See United States v. 2121 E. 30th St., 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.").

As for the qualified immunity determination on the *ex post facto* claim, Plaintiff argues that the law was clearly established and therefore the doctrine cannot apply. Plaintiff's position is without support. "A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry." Saucier v. Katz, 533 U.S. 194, 201 (2001). The Court is not persuaded the Plaintiff has established the violation of a constitutional right. As Judge Argo noted, "[t]o fall within the *ex post facto* prohibition, a law must be retrospective--that is, 'it must apply to events occurring before its enactment'--and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime . . . ." Lynce v. Mathis, 519 U.S. 433, 441 (1997) (citations omitted). The Court adopts, in full, Judge Argo's reasoning that the amendment to the statute did not increase the punishment imposed on Plaintiff. Plaintiff's refusal to participate in the SOTP did not occur

until after the amendment to the statute. Therefore, Plaintiff cannot show he was disadvantaged by the Amendment. In his Objection and Reply, Plaintiff argues that prior to the amendment the Department of Corrections (DOC) had exercised its discretion and made him eligible for credits and because the amendment removed that discretion it violated his rights. Plaintiff overlooks the fact that the prior statute permitted classification at level one for those inmates who did not participate in rehabilitative programs such as SOTP. Because Plaintiff's refusal to participate did not occur until after the amendment made classification mandatory, there is no evidence to suggest what DOC would have done had the amendment never taken effect. Thus, Plaintiff cannot establish the amendment disadvantaged him by increasing the punishment for his crime. Thus, viewed in the light most favorable to Plaintiff, the evidence fails to show the violation of a constitutional right and Defendants are entitled to qualified immunity.

Upon *de novo* review, the Court finds the Report and Recommendation of Judge Argo to be well-reasoned and supported by law. Plaintiff's Objection and Reply offer no grounds to find to the contrary. Accordingly, the Court ADOPTS the Report and Recommendation of Judge Argo in full and GRANTS summary judgment to Defendants. A separate judgment will enter.

IT IS SO ORDERED this 6th day of May, 2005.

ROBIN J. CAUTHRON
United States District Judge